UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GLENN COVERT,
    Plaintiff,

vs

STEVEN BATSCH, *et al.*,
    Defendants.

Case No. 1:17-cv-653

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Chillicothe Correctional Institution, brings this pro se prisoner civil rights action against defendants Steven Batsch, Michael Wilson, Rachel Short, and "John Doe defendants not yet discovered." (Doc. 1-1, Complaint at PageID 4). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when

the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all

well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff brings this action against defendants under 42 U.S.C. §§ 1983, 1985, and 1986. (*See* Doc. 1, Complaint at PageID 1). According to plaintiff, he was subjected to an illegal search and seizure in violation of his constitutional rights. Plaintiff alleges that defendants Officer Steven Batsch, Officer A. Brown, and informant Michael Wilson provided false information in an affidavit to obtain a search warrant in October of 2012. (*See* Doc. 1-1, Complaint at PageID 5–6). Plaintiff further alleges that the resulting search resulted in the loss of real property in the amount of $20,000 in value. (*Id.* at PageID 7). Against defendant Rachel Short, plaintiff alleges "Rachel Short being in a morbid state of mind when interviewed by [Batsch] on 8/20/2013 and knowing the wanton disregard displayed by [Batch and Brown] related to the illegal search /seizure, and arrest of your plaintiff, made a conscious decision to act collectively in association with defendants [Batch, Brown, and Wilson]." (*Id.*). According to plaintiff "it is the use of defendants [Brown, Wilson, and Short]'s false statement(s) in

conjunction with defendant [Batsch] that resulted in him being subjected to an illegal search." (*Id.*).

For relief, plaintiff seeks a declaratory judgment and monetary damages. (*Id.* at PageID 9).

Plaintiff's complaint is subject to dismissal at the screening stage. The complaint is governed by Ohio's two-year statute of limitations applicable to personal injury claims. *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Wallace,* 549 U.S. at 387 (and Supreme Court cases cited therein) (holding that the statute of limitations governing § 1983 actions "is that which the State provides for personal-injury torts"); *Zundel v. Holder,* 687 F.3d 271, 281 (6th Cir. 2012) (stating that the "settled practice . . . to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so" is applicable "to § 1983 actions and to *Bivens* actions because neither the Federal Constitution nor the § 1983 statute provides timeliness rules governing implied damages"). Although the statute-of-limitations is an affirmative defense, when it appears clear on initial screening of the complaint that the action is time-barred, the complaint may be dismissed at the screening stage for failure to state a claim upon which relief may be granted. *See Jones v. Bock,* 549 U.S. 199, 215 (2007). *Cf. Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1-2 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" the *pro se* plaintiff's § 1983 civil rights claims under 28 U.S.C. § 1915(e)(2)(B) because the complaint was filed years after Ohio's two-year statute of limitations had expired); *Anson v. Corr. Corp. Of*

4

*America,* No. 4:12cv357, 2012 WL 2862882, at *2-3 (N.D. Ohio July 11, 2012) (in *sua sponte* dismissing complaint under 28 U.S.C. § 1915(e), the court reasoned in part that the plaintiff's *Bivens* claims asserted "six years after the events upon which they are based occurred" were time-barred under Ohio's two-year statute of limitations for bodily injury).

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace,* 547 U.S. at 388 (emphasis in original). Under federal law, a cause of action accrues for statute of limitations purposes "when plaintiff[] knew or should have known of the injury which forms the basis of [his] claims." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). The "inquiry focuses on the harm incurred, rather than the plaintiff's knowledge of the underlying facts which gave rise to the harm." *Id.* at 501 (quoting *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991)). The statute of limitations commences to run when the plaintiff knows or, in the exercise of due diligence, has reason to know of the injury which is the basis for his cause of action. *Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir. 1984); *see also Ruff*, 258 F.3d at 501.

Courts have held that causes of action based on an alleged illegal search and seizure accrue on the date that the search and seizure occurred. *See Harper*, 293 F. App'x at 392 n.1 ; *see also Geary v. Brantley,* No. 4:12CV-P33-M, 2012 WL 3598286, at *4 (W.D. Ky. Aug. 17, 2012); *Williams v. Monroe Cnty., Kentucky,* No. 1:10CV-P123-M, 2010 WL 4006370, at *1-2 (W.D. Ky. Oct. 8, 2010). *Cf. Thomas v. McElroy*, 463 F. App'x 591, 592 (7th Cir. 2012) ("A claim asserting that a search violated the Fourth Amendment accrues–and the limitations period begins to run–as soon as the plaintiff knows, or should know, about the search and the facts making it unlawful."); *Villegas v. Galloway,* 458 F. App'x 334, 338 (5th Cir. 2012) (holding that plaintiff's claims arising

5

out an allegedly unlawful search and seizure accrued in April 2003, when the search warrant was executed).

Here, it is clear from the face of the complaint that plaintiff's claims are time-barred. As noted above, plaintiff claims defendants provided false information to secure a search warrant in October of 2012[1] and did not commence this action until September 28, 2017, nearly five years later. Therefore, plaintiff's claims are subject to dismissal at the screening stage.

To the extent that plaintiff seeks to bring claims under §§ 1985 and 1986, his claims are subject to dismissal. As an initial matter, plaintiff's § 1985 claim is also time-barred. *See Dotson v. Lane*, 360 F. App'x 617, 620 at n.2 (6th Cir. 2010) ("A two-year statute of limitations applies to section 1985 claims brought in the state of Ohio."). In any event, plaintiff's allegations are insufficient to state an actionable claim under 42 U.S.C. § 1985. To plead a cause of action under § 1985, plaintiff must allege that the defendants conspired together for the purpose of depriving plaintiff of the equal protection of the laws; that the defendants committed an act in furtherance of the conspiracy that caused injury to plaintiff; and that the conspiracy was motivated by a racial, or other class-based, discriminatory animus. *See Bruggeman v. Paxton,* 15 F. App'x 202, 205 (6th Cir. 2001); *see also Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003) (and cases cited therein). "The complaint thus must 'allege both a conspiracy and some class-based discriminatory animus behind the conspirators' action.'" *Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 367-68 (6th Cir. 2012) (quoting *Newell v. Brown,* 981 F.2d 880, 886 (6th Cir. 1992), in turn quoting *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971)). In addition, conspiracy claims must be pled with specificity; "vague and conclusory allegations unsupported by material facts

---

[1] As an attachment to the complaint, plaintiff includes the October 8, 2012 and October 22, 2012 affidavits and search warrants that are the subject of the complaint. (*See* Doc. 1-1, Complaint at PageID 281–88).

will not be sufficient to state such a claim." *Id.* at 368 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)). Here, plaintiff has not pleaded that any of the defendants were motivated by a racial or class-based discriminatory animus. Moreover, plaintiff's allegations are insufficient to support any inference that the defendants were involved in a conspiracy, or in other words, that the defendants "shared a common discriminatory objective." *See id.* (citing *Hinkle v. City of Clarksburg, W.Va.*, 81 F.3d 416, 421 (4th Cir. 1996)). In the absence of any factual allegations to support his vague and conclusory conspiracy claim, plaintiff's § 1985 complaint fails to state a claim upon which relief may be granted.

With respect to plaintiff's claims brought pursuant to section 1986, that section creates a cause of action for knowing failure to prevent a § 1985 conspiracy. However, because plaintiff failed to state a claim under §1985, he has no cause of action under § 1986. *See Lorenzi v. Lorenzi*, 44 F.App'x 683, 685 (6th Cir. 2002) (citing *Bradley v. City of Pontiac*, 906 F.2d 220, 227 (6th Cir. 1990) (plaintiff with no cause of action under § 1985 has no cause of action under § 1986)). Accordingly, plaintiff's claims brought under §§ 1985 and 1986 should also be dismissed.

Accordingly, in sum, the complaint should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

GLENN COVERT,
    Plaintiff,

vs

STEVEN BATSCH, *et al.*,
    Defendants.

Case No. 1:17-cv-653

Barrett, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).